UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**DIANE BURCHETTE,**

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

**SECRETARY OF THE V.A. JAMES J. PETERS MEDICAL CENTER; V.A.M.C.**

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*



AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

Jury Trial: ☑ Yes ☐ No
*(check one)*

13 Civ. 7944 (LAP)

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

 Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

 Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

 Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

 New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

→ Defendant ~~Plaintiff~~

}  DB

Name THE HON. ERIC K. SHINSEKI/Secretary OF V.A.
Street Address 810 VERMONT AVE. N.W.
County, City DISTRICT OF COLUMBIA
State & Zip Code WASHINGTON, D.C. 20420
Telephone Number _____

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

→ Plaintiff ~~Defendant~~

Name DIANE BURCHETTE
Street Address 877 TAYLOR AVE. APT. 7-B
County, City Bronx
State & Zip Code NEW YORK 10473
Telephone Number (201) 667-9916

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer James J. Peters MEDICAL CENTER (V.A.M.C.)
Street Address 130 W. KINGBRIDGE ROAD
County, City Bronx
State & Zip Code NEW YORK, 10468
Telephone Number (718) 584-9000

II. **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

　　　_____　Failure to hire me.
　　　✓　Termination of my employment.
　　　✓　Failure to promote me.
　　　✓　Failure to accommodate my disability.
　　　✓　Unequal terms and conditions of my employment.
　　　✓　Retaliation.

*Rev. 07/2007*　　　　　　　　　　　2

_____ Other acts *(specify)*: _____.

*Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: __Jan 1999__.
*Date(s)*

C. I believe that defendant(s) *(check one)*:

✓ is still committing these acts against me.

_____ is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☑ race _____   ☑ color _____

☑ gender/sex _____   ☑ religion _____

☐ national origin _____

☑ age. My date of birth is __March 18, 1955__ (Give your date of birth only if you are asserting a claim of age discrimination.)

☑ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

Plaintiff has attached document viewerable for the Judge Loretta A. Preska. Please see pages 1 through 4

_____
_____
_____
_____
_____

*Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

        _____  has not issued a Notice of Right to Sue letter.

        _____  issued a Notice of Right to Sue letter, which I received on _____ (Date).

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

        _____  60 days or more have elapsed.

        _____  less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: Plaintiff ask the Court for relief, she seeks $500,000 maximum of which the Court allows. I respectfully request that the Court grant me this motion and further relief maybe just and proper.

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 22 day of Jan. 22, 2014.

Signature of Plaintiff: Diane Burcotta

Address: 877 Taylor Ave. Apt. 7-B
Bronx, New York 10473

Telephone Number: 1-201-667-9916

Fax Number *(if you have one)* _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DIANE BURCHETTE,
          PLAINTIFF,
   -against-

JAMES J. PETERS MEDICAL CENTER
THE HON. ERIC K. SHINSEKI
SECRETARY OF V.A.
          DEFENDANT

AMENDED COMPLAINT
13 CIV.7944 (LAP)



Plaintiff is appearing ProSe to the United States District Court of the Southern District of New York, alleging that the Plaintiff, Diane Burchette was wrongfully fired, and that the Defendants did not have good cause to terminate her from employment at the James J Peters Medical Center, which is a violation of her Civil Rights.

Plaintiff is asking the Hon. Chief Judge Loretta A. Preska for an amended Complaint to plead her case in good faith. Plaintiff was ordered by the court to summit an Amended Complaint within 60 days of the date of this order.

Plaintiff ask that the Hon. Judge Loretta A. Preska to review the claims of retaliation, punishment, harassment, discrimination, wrongful termination. The Plaintiff feels that the charges are credible.

A. <u>Berdie Murhead</u> is my immediate supervisor. On October 26, 2011 I was struck in my lower back in the lobby at the James J. Peters Medical Center by a white male veteran. I managed to walk to my work station. I told my supervisor what had happened to me. Ms. Berdie Murhead stated" What do you want me to do?" If you was struck on their work station floor, she would have been able to do something about it. Ms. Murhead suggest the Plaintiff go call Ms. Coreen Simmons, The workers comp supervisor.

B. I, Plaintiff went to my office to call Ms. Coreen Simmons, she did not answer her phone. I left her a voice message on the answering service to please get in contact with me, it was very very important. Ms. Simmons called me back about thirty minutes. I told her what happened to me in the lobby. I told Ms. Simmons a white male veteran struck me in my lower back. Ms. Coreen Simmons got in touch with Ms. Murhead for her to take Plaintiff to the health Employee to get checked out for injuries I sustained. Before I went to the health employee, I filled out a CA7 Form to have 45 days off with continue pay, in which I was denied by workers comp: for being injured on the job.

C. <u>Alba Hernandez</u>, is my Director of Nutrition of Hospitality. After I was denied for continuation of pay for 45 days, because I got punched in my lower back. I had brought in a Doctor's note stating that I had a MRI-CAT scan, also that I couldn't report to work for a while. Ms. Hernandez, stated to Plaintiff, it wasn't enough information. On November 3, 2011, I was told that I'll be getting letters from my supervisor in reference to me. I'd be receiving letters that's I am AWOL. The accident had happened on October 26, 2011.
Dec. 2011 I went to Al Hong, the director of EEO- Equal Employee Opportunity concerning me being AWOL. I wanted to set up a meeting for mediation. Mr. Al Hong said he will get back in touch with me too give Plaintiff his secretary phone number and my address. Nobody from Mr. Hong ever reached out to me.
I saw Mr. Hong many times at the V.A. in the Hallways, I would ask him when he can have a meeting. Mr. Hong would say" I'll have my secretary to get back in touch with you" Plaintiff had also called him Mr. Hong on the phone. No reply-

D. <u>Mary Ann Muscumeci</u> - the Head Director of James J. Peters Medical Center, sent Plaintiff a letter on July 24, 2012. The letter stated, she was going to terminate me on Sept. 16, 2012 for being AWOL, Plaintiff rights were violated, even though the plaintiff had submitted all documentation from her doctors, stating what her injuries/ conditions were. Plaintiff kept going through the chain of command. She

contacted Mr. David Heard, whom is the specialist of Human Resources, around April 2012, Plaintiff filed for (O.P.M. Office Personal Management - for disability pension because all other avenues was denied to Plaintiff such as workers comp. Plaintiff paper work had to go through Mr. Heard. He would not send my paperwork on time to (O.P.M.). If Plaintiff would go too O.P.M they would tell her the paperwork was incorrect. Mr. Heard gave the Plaintiff the wrong information. Mr. Heard wanted the Plaintiff to show him what (OPM) had sent her. He knew the answer.

E. Mr. Andre Purnell is the supervisor of Human Resources President of the Union 1168 and Mr. Purnell had a meeting in the office of the Union. On May 2012, I, Plaintiff had a three way call from workers comp and my Attorney Al Shapiro from his office. Mr. Purnell called Plaintiff " a liar" in front of the Union President stated that I was terminated. Plaintiff hadn't received that information until July 24, 2012 from the Head Director of the James J. Peters Medical Center Ms. Mary Ann Muscumeci.
Ms. Gorda Lloyd, is the Officer of Human resources, Plaintiff had to contact Ms. Lloyd several times in 2012 and 2013 about her retirement pension, that Plaintiff had put in with Ms. Heard. The retirement pension people stated, Mr. Heard never sent plaintiff's documentation too them for disability. Mr. Lloyd was supposed to investigate this situation and did not get back to me for weeks at a time.

F. Mr. Gerald Brown is a three time purple heart veteran. Mr. Brown was the reason why my (C.O.P) continuation of pay got denied. Mr. Brown left his clothing in lunch room, while I was at lunch. I had to go back to work because lunch was over at 2;00pm 10/26/11. Plaintiff picked up what she thought was Mr. Gerald Brown belonging, started walking towards the elevators corridor, when suddenly making the turn towards the elevators, Plaintiff felt a hard punch in her lower back at the same time the clothing was being snatched off the plaintiff's left shoulder. As plaintiff turned around to see who punched her, the white male veteran stated too Ms. Diane Burchette " Who the F__k you think you are? A Ms. Graces Rodriguez who is the information clerk in the lobby, saw what happened also Mr. Brown. They both recanted on their stories in which this situation left plaintiff in total destitute. It caused plaintiff to take (TSP) Thrift Saving Plan for her retired money to survive off of.
Mr. Gerald Brown recanted his statement, stating that he never saw the white male veteran punched plaintiff in her back, on 10/26/11 the Chief Aviles Head of V.A. Police. After Chief Aviles saw the video tape, which the Plaintiff was not allowed to review the tape along with Vice President of the Union Mr. Mctotosh. Plaintiff ask The Director of the VA Police, Mr. and Chief Aviles to view the tape, No response. Plaintiff contacted her Congressman Joseph Crowley. The Congressman forwarded a letter on behalf of Ms. Diane Burchette too Chief Aviles on Dec. 28, 2011 saying to allow Ms. Burchette to view the tape. Chief Aviles refuse to allow plaintiff to see the tape. Title 7 Section 1983 Medical Leave Act of the United States code.
Plaintiff was assaulted, wrongfully terminated and my civil and human rights under The Constitution of Law was violated. No Due Process.

G. Grant Diane Burchette, Plaintiff a Motion to Amend Complaint. Plaintiff ask the court that, both Defendant's James J. Peters Medical Center (VAMC) and The Hon. Eric K. Shinseki . Secretary of the Veterans Affairs for relief. Plaintiff seeks $500,000 maximum which the court allows, further relief as maybe just and proper.

## Conclusion

Plaintiff feels she has shown the court the true victim, The illegal action taken by the defendant's to silence the Plaintiff by termination her employment. Lies filled with "smoke -screens " and untruth . They have fabricated there hold reason to terminate me. Because of these circumstances, Plaintiff feels her complaint is relevant and do cover the violations under discrimination, retaliation, harassment and etc. Plaintiff defends her Fifth Amendment rights were violated. I ask that the Court not deny the evidence to support my claim." Martin Luther King Jr. said and injustice anywhere, is all justice everywhere."



## Certificate of Service

I hereby certify that a true copy of Plaintiff ProSe Diane Burchette for an Amended Complaint was served by mail certified by Service on Jan. 2014 upon:

James J. Peters Medical Center
130 W. Kingsbridge
Bronx, NY 10468
(718) 584-9000

Secretary of the V.A.
Hon. Eric k. Shinseki
810 Vermont Ave. N.W.
Washington, D.C. 20420

CC:

By: _Ms. Diane Burchette_
Diane Burchette
ProSe
877 Taylor Ave Apt# 7B
Bronx, NY 10473
(201) 667-9916





Ms. Diane Burchette
877 Taylor Ave. Apt. 7-B
Bronx, New York 10473

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

7011 0470 0001 8732 4654

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
PRO SE
500 PEARL STREET
NEW YORK, N.Y. 10007